UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALISHA BAILEY,

        Plaintiff,

vs.

METAL-FAB, INC.,

        Defendant.

Case No.

**COMPLAINT**

1. Plaintiff is a resident of Kansas and a former employee of defendant.

2. Defendant is a corporation with its principal place of business in Kansas. It employed Plaintiff in Kansas. Defendant is an employer as that term is identified in the Americans with Disabilities Act.

3. Plaintiff is an individual with a disability, a seizure disorder, which she controls with medication.

4. Plaintiff's seizure disorder medication is so successful that she has been seizure-free since before her discharge. A recent EEG confirmed that she has no seizure activity because of her medication.

5. Plaintiff worked for Defendant for ten years as a sheet metal assembler. Her job performance was always satisfactory.

6. For two and a half years before her diagnosis, Plaintiff had been working in Dept. 40 doing hand work "catching and breaking frames." This job is done at a bench and without the use of any machinery.

7. On June 27, 2018, Plaintiff had a one car accident on her way to work. She did not know at that time that she had a seizure disorder. She asked for permission to leave work that day and go to the doctor, but she was told she needed to finish her shift.

8. After leaving work on June 27, Plaintiff went to Wesley Medical Center and was kept overnight. She was diagnosed with a seizure disorder.

9. Plaintiff has petit mal seizures, which are brief seizures of approximately 30-60 seconds when she may lose her train of thought. Her seizures are brief, and she does not fall to the ground or flail. She is disoriented when she has a seizure and when she comes out of one.

10. On June 29, 2018, Plaintiff was released from the hospital and told to stay off work until at least July 27. She was given a restriction of no continuous welding.

11. On July 3, 2018, her doctor submitted her FMLA forms and told Defendant that she was on medication, and that it was too early to tell when her seizures would be controlled by medication, but that the process would take "possibly 3 months."

12. On July 9, 2018, Defendant granted her up to 12 weeks FMLA leave, retroactive to June 28.

13. On July 9, 2018, her physician responded to a form Defendant submitted about accommodations and said she should "Avoid activities in which a sudden loss of consciousness may expose her to risk or injury. This would include ladders, climbing unprotected heights, or operating unprotected machines."

14. As of the time she went on FMLA leave, none of Plaintiff's duties required that she use ladders, climb unprotected heights, or operate unprotected machines.

15. On September 10, 2018, Plaintiff's physician sent a note to Defendant stating that Plaintiff was still unable to return to work.

16. On September 13, 2018, Defendant sent Plaintiff's physician a job description and what was referred to as "a short video of the work which Ms. Bailey performs and her working conditions at Metal Fab."

17. The video sent on September 13 showed two empty machine shops with no one performing duties and no indication of what duties Plaintiff performed. Her physician said it was not adequate.

18. On September 25, 2018, Defendant sent a video of two shops—one in which Plaintiff worked and one in which she did not. The video did **not** show the position that Plaintiff had been performing the last two and a half years. It did not give the doctor any more information about Plaintiff's specific duties, but it did show others working in two different shops doing jobs **she had not been doing**.

19. On September 28, 2018, her physician sent a form saying she could return to work on October 2, 2018, and her permanent restrictions are that she cannot weld and that if she uses machinery, it should be guarded with safety devices. He also said she cannot operate unprotected machinery or work on a ladder or at unprotected heights.

20. On October 10, 2018, Defendant sent Plaintiff a letter saying that her "condition creates a direct threat of harm or injury" to herself or a coworker. Metal-Fab claimed that her "seizures can last a few minutes up to longer than 5 minutes." The letter claimed that she had two car accidents during seizures. The information about car accidents and the length of her seizures was incorrect.

21. Plaintiff has been on medication and **seizure-free since before she was fired**. She has never had a seizure of "a few minutes up to longer than 5 minutes." She has not had any car accidents since her diagnosis.

22. After she was fired, Plaintiff tried to talk to Defendant's HR director and other employees to explain that the assumptions made about the effectiveness of her medication and the length of her seizures was incorrect. Defendant did not change its position.

23. Defendant did not engage in an adequate good faith interactive process with Plaintiff. Defendant never asked her about the length or severity of her seizures and instead assumed that she had grand mal seizures. Defendant did not send accurate information about her job duties to her physician. Defendant did not acknowledge that her seizures were controlled by medication. Defendant refused to grant her reasonable accommodations. Even when Plaintiff told Defendant its information was incorrect, it would not listen.

24. Plaintiff is not a direct threat to herself or others and she can perform the essential functions of her job with or without accommodations.

25. Plaintiff filed a complaint with the KHRC on November 21, 2018, that was cross-filed with the EEOC.

26. On April 4, 2019, the EEOC issued a Right to Sue letter. This complaint is filed within 90 days of the issuance of that letter.

27. Plaintiff has exhausted her administrative remedies.

28. This court has federal question jurisdiction and, because Plaintiff was employed in Kansas, venue is proper here.

### COUNT 1—AMERICANS WITH DISABILITIES ACT

29. Plaintiff is a qualified individual with a disability. She has a neurological disability of seizure disorder controlled by medication. When unmedicated, this affects her ability to drive and care for herself.

30. Plaintiff's employer knew of her disability and regarded her as having a disability and had a record of her disability.

31. Despite this, Defendant failed to make a reasonable accommodation that would allow Plaintiff to perform the essential functions of her job.

32. Defendant claims Plaintiff is a direct threat to herself and others, but Plaintiff is medicated and seizure free and can perform all of the duties of her former position within the restrictions stated by her doctor.

WHEREFORE, Plaintiff prays for judgment against the Defendant for back wages, injunctive relief or front pay, compensatory damages, attorney's fees, punitive damages, and all other relief at law and equity to which she is entitled.

## COUNT 2—FMLA RETALIATION

33. Plaintiff took 12 weeks leave to have her medications adjusted for her seizure disorder.

34. Almost immediately after her attempt to return from leave, her employment was terminated.

35. Defendant's motivation for terminating Plaintiff's employment was in part to retaliate against her for using her FMLA leave.

WHEREFORE, Plaintiff prays for judgment against Defendant for back wages, injunctive relief or front pay, liquidated damages and attorney's fees and all other relief legal and equitable to which she is entitled.

Respectfully submitted,

/s/ Gaye B. Tibbets
Gaye B. Tibbets, #13240
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-mail: tibbets@hitefanning.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims triable to a jury.

/s/ Gaye B. Tibbets
Gaye B. Tibbets, #13240
HITE, FANNING & HONEYMAN L.L.P.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court for the District of Kansas at Wichita, Kansas, as the place of trial.

/s/ Gaye B. Tibbets
Gaye B. Tibbets, #13240
HITE, FANNING & HONEYMAN L.L.P.